CHARLOTTE BANK AND TRUST COMPANY v. H. L. WILSON.

(Filed 26 January, 1927.)

**Bills and Notes—Negotiable Instruments—Renewal—Payment—Fraud—Verdict—Endorsement—Due Course.**

Two notes given by the maker with endorsements thereon were acquired for value and before maturity by plaintiff bank, which accepted the note in suit in their places in a sum to cover the entire amount. The defense interposed was that plaintiff bank with notice of the fraud practiced in the original note conspired to release the parties thereon bound

by taking the note in suit directly to itself with threats to bring suit upon the original two notes which the defendant could not withstand. Upon the verdict establishing that there was no fraud practiced in the procurement of the original two notes: *Held*, the plaintiff bank was a holder in due course and could maintain its action whether the note it had obtained was given either in renewal or in payment of the notes it replaced.

APPEAL by defendant from *Harding, J.,* at February Term, 1926, of MECKLENBURG. No error.

Action to recover judgment upon note for $5,000, executed by defendant, and payable to plaintiff or order. The said note was executed by defendant in renewal or in payment of two notes, each for $2,500, theretofore executed by defendant and payable to the order of B. J. Blume. Both of said notes were endorsed by C. W. Smith and J. E. Toole, and thereafter negotiated by the endorsement of B. J. Blume, the payee, to plaintiff, before maturity and for value. The note sued on was not paid at maturity.

In defense of plaintiff's action upon the note for $5,000, defendant alleges that the execution by him of each of the notes for $2,500, was procured by false and fraudulent representations, made to him by B. J. Blume, C. W. Smith and J. E. Toole; that after said notes had been negotiated to plaintiff by the endorsement of B. J. Blume, payee in each, plaintiff, with knowledge of the fraud practiced upon him by B. J. Blume, C. W. Smith and J. E. Toole, conspired with them to procure the execution by defendant of the note for $5,000, payable directly to plaintiff, in renewal of said two notes, for the purpose of releasing the said B. J. Blume, C. W. Smith and J. E. Toole from liability to it as endorsers on said two notes; and that by means of threats to bring suit against defendant upon said notes, which were then past due and unpaid, and of intimidation which defendant was unable to withstand, plaintiff coerced defendant to execute said note for $5,000.

From judgment upon the verdict, defendant appealed to the Supreme Court.

*Walter Clark and J. A. Lockhart for plaintiff.*
*Andrew Joyner, Jr., and Shuping & Hampton for defendant.*

CONNOR, J. The jury having found, as appears from the answer to the third issue, that the execution of the two notes, each in the sum of $2,500, was not procured by fraud and misrepresentation, as alleged in the answer, it is immaterial whether or not the note for $5,000, was executed in renewal or in payment of said two notes. The jury has further found, as appears from the answer to the fourth issue, that de-

fendant had knowledge of all the facts which he now alleges as constituting fraud at the time he executed the note upon which this action is brought. In view of these findings and of the admissions in the answer, plaintiff was, as the jury found, a holder in due course of both notes for $2,500; defendant has failed to show any defense which would have availed him in an action by plaintiff to recover judgment upon these notes. The defenses set up in the answer in this action to recover judgment upon the note for $5,000, whether the same was given in renewal or in payment of said notes, cannot, therefore, avail defendant, unless there was error in the admission or exclusion of evidence, or in the instructions pertinent to the third and fourth issues.

We have carefully considered the exceptions upon which defendant's assignments of error are based. They cannot be sustained. We do not deem it necessary to set out these exceptions in detail or to discuss them. The execution of the note sued on by defendant is admitted; he has failed to sustain the allegations of the answer, upon which he relies for defense to plaintiff's recovery. The judgment must be affirmed. There is

No error.